

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2007

# USA v. Knight

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1221

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Knight" (2007). *2007 Decisions.* Paper 865.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/865

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1221
_____

UNITED STATES OF AMERICA

v.

WADE KNIGHT,
                                              Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Crim. No. 00-cr-00038)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 7, 2007
Before: RENDELL, SMITH AND JORDAN, Circuit Judges.

(Filed: June 28, 2007 )

_____

OPINION

_____

PER CURIAM

Wade Knight, a federal inmate incarcerated at U.S.P. Atwater in California,

appeals pro se from an order of the United States District Court for the Eastern District of

Pennsylvania denying a post-judgment motion.  We will affirm.

In May 2000, a jury convicted Knight of conspiracy to interfere with interstate

commerce by robbery and interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951. The District Court sentenced Knight to 235 months of imprisonment, three years of supervised release, special assessments and significant restitution. Knight timely appealed. This Court affirmed his conviction, see C.A. No. 00-2695, and the United States Supreme Court denied certiorari. Knight thereafter filed a motion pursuant to 28 U.S.C. § 2255, which the District Court denied on the merits. We denied his request for a certificate of appealability in September 2003. See C.A. No. 02-4516. Knight fared no better in the District Court with his attempt for relief under Fed. R. Civ. P. 60(b). On appeal, we once again denied his request for a certificate of appealability. See C.A. No. 04-1669. Knight continued his quest for relief in the District Court by seeking, inter alia, a modification of his sentence pursuant to 18 U.S.C. § 3582(c). When this effort proved unsuccessful, Knight sought recourse in this Court and was twice denied authorization to file a second or successive motion under 28 U.S.C. § 2255. See C.A. Nos. 05-3764 and 06-2567.

Undeterred, Knight returned to the District Court and continued to seek post-judgment relief from his conviction and sentence. In December 2006, Knight filed a motion which purportedly "challenged the government's jurisdiction under 18 U.S.C. § 1951." In that motion, Knight asked the District Court to require the government to provide "receipts" that prove that the Gold Valley Jewelry Store (one of the stores involved in the robberies) has an actual agreement with an out-of-state business to continue to purchase jewelry. According to Knight, without proof of such an agreement,

the government could not establish a sufficient "nexus" to support his conviction under 18 U.S.C. § 1951. Knight further informed the District Court of a newspaper article he recently came across that reported the arrest of one of the managers of the Gold Valley Jewelry Store who was allegedly in possession of stolen jewelry. Given this "newly discovered fact," Knight argued that it now appears questionable as to whether the Gold Valley Jewelry Store was using its place of business for the "fencing of stolen goods" and, consequently, that it should not be considered a business engaged in interstate commerce for purposes of his § 1951 conviction unless it can produce receipts for the merchandise he took during the 1999 robbery. The District Court dismissed Knight's post-judgment motion without discussion, and this timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and will summarily affirm the District Court's order. Knight offers no legal support for the pursuit of a post-judgment challenge to the sufficiency of the government's proof that the robbery of the Gold Valley Jewelry Store had an effect on interstate commerce outside the context of a direct appeal or a collateral proceeding under 28 U.S.C. § 2255, especially given the facts and arguments he attempts to present. A § 2255 motion is, of course, the presumptive means for a federal prisoner to collaterally challenge the validity of a conviction or sentence, see, e.g., Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), and we see no reason why Knight should be permitted to evade the gatekeeping requirements of § 2255 by creatively styling his post-judgment motion as something other than one filed under § 2255. Additionally, we will not consider those arguments raised in Knight's submissions

to this Court that were not presented to the District Court in the first instance. See

Delaware Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006), citing Harris v. City

of Philadelphia, 35 F.3d 840, 845 (3d Cir.1994) ("Absent exceptional circumstances, this

Court will not consider issues raised for the first time on appeal.").

Because Knight's post-judgment motion was properly denied and no substantial

question is presented by this appeal, the District Court's order entered on January 3, 2007

will be summarily affirmed. See Third Circuit LAR 27.4 and I.O.P. 10.6.